UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

1:25-CV-1750

SHANE McMAHAN,
    PETITIONER,

FILED
SCRANTON
SEP 19 2025
PER ___DJ___
DEPUTY CLERK

V.

WARDEN, SWANEY,
    RESPONDENT.

## MOTION REQUESTING WRIT OF HABEAS CORPUS

    COMES NOW the Petitioner SHANE McMAHAN in Pro Se, in necessity, does hereby request that this Honorable Court issues a ORDER granting his motion for a writ of habeas corpus, to have the Petitioner brought before the Court to end his unconstitutional and/or illegal sentence.

    In support of his request the Petitioner presents the following:

1. In April 2013, Petitioner entered a guilty plea, to a violation of 18 U.S.C. § 922(g)(1), in the U.S. District Court for the District of Kansas, Case No. 12-20120-01-JWL 17-2176-JWL.

2. The statutory maximum penalty for violation of 18:922(g)(1) is 10 years.

3. The PSR determined that Petitioner qualified for a sentence enhancement under the Armed Career Criminal Act (ACCA), which authorizes enhanced penalty for a person who violates 18:922(g)(1) and has three or more previous convictions for crimes that meet the definition of a "violent felony". As a result the Petitioner was sentenced to 15 years.

4. Two of the previous convictions used to satisfy the Petitioner's ACCA sentence are burglary convictions under Kansas State Law.

5. Recent caselaw has established that burglary under Kansas State Law could not and does not qualify as "violent felony" for ACCA purposes. In UNITED STATES v. MIMS, 2017 U.S. Dist. LEXIS 17092, Case No. 05-20079 (The Gov't concedes that, "Mr. Mims' conviction under the Kansas Burglary statute undisputedly no longer qualifies as a violent felony under the ACCA in light of MATHIS v. UNITED STATES, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016)" (Also See, UNITED STATES v. MARQUEZ, 2017 U.S. Dist. LEXIS 458; (saying same)

6. Petitioner was sentenced to 15 years under the ACCA in violation of his constitutional rights as described by the Court in Mathis.

7. Petitioner's 15 year sentence is well above the 10 year statutory maximum prescribed by Law for a violation of 18:922(g)(1).

8. Petitioner's has been in Federal custody for 12 years for violating 18:922(g)(1), which is 2 years longer longer than the 10 year statutory maximum.

## RELIEF SOUGHT

9. Petitioner seeks immediate release from federal custody. He is being held in violation of the Constitution and Laws of the United States.

## CONCLUSION

WHEREFORE in light of the foregoing, the Petitioner prays that this Honorable Court grants his motion for writ of habeas corpus and ORDERS his immediate release.

Respectfully submitted,

DATE: 9-9-2025            X _____
                          SHANE MCMAHAN, PRO SE
                          #22491-031
                          Allenwood USP
                          P.O. Box 3000
                          White Deer, PA 17887

## CERTIFICATE OF SERVICE

I, SHANE McMAHAN do swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

A copy of this motion was placed in the prison mailing system on September 9th, 2025.

A copy of this motion was served to the Respondent through the prison in-house mailing system on 9-9-2025

DATE: 9-9-2025

X _____
Signature of Movant

